IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOREEN SHING,

    *Plaintiff*,

v.

CENTERS FOR MEDICARE AND
MEDICAID SERVICES, *et al.*,

    *Defendants*

Case No. 24-cv-3021-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Doreen Shing, proceeding *pro se*, brought this suit against Defendants the Centers for Medicare & Medicaid Services (CMS),[1] the Maryland Department of Health (MDH), and the Maryland Developmental Disabilities Administration (DDA), alleging interference with the receipt of federally-funded medical benefits, violations of her due process rights, and various other claims. Plaintiff seeks injunctive relief, reinstatement of services through one of the federal programs from which she receives benefits, and other relief. Defendants filed motions to dismiss for failure to state a claim. *See* ECF No. 16 (motion by MDH and DDA, hereinafter "Maryland Defendants"), ECF No. 47 (motion by CMS). For the reasons stated herein, the Court will grant the motions to dismiss and resolve other pending motions.

---

[1] Ms. Shing's complaint names the Centers for Medicare Services as a defendant. *See* ECF No. 1 at 1. In its motion to dismiss, CMS notes that its correct name is the Centers for Medicare and Medicaid Services. *See* ECF No. 47-1 at 1 n.1. The Court has directed the Clerk to make this correction on the docket.

1

I.     BACKGROUND

Ms. Shing has a number of medical conditions, including cerebral palsy, static encephalopathy, left-sided hemiparesis, hemiplegia, and a repetitive seizure disorder. ECF No. 1 at 4. She states that she requires "24/7/365 medical monitoring and medical [s]taff supports and services" for her conditions, particularly related to her seizures. *Id.* For many years, she has received benefits through the CMS Self-Directed Personal Assistant Services Program (SDSP) and the CMS Home and Community Based Services Waiver Program (HCBS). *Id.* Through these programs, participants with developmental disabilities create an individualized health and safety plan and manage their own services and supports within their plan with provided funding. ECF No. 1-24 at 10–11; *id.* at 10 ("Self-direction gives waiver participants and families greater control over the services they receive, how they receive them, and who provides them."). Program participants "are the employer of record" to the employees providing their health and safety services and are "in control of [their] budget which is a fixed dollar amount for the purchase of services and supports available under the waiver." *Id.* at 11. It is unclear from the complaint whether or to what extent Ms. Shing is still receiving these benefits. For example, Plaintiff both alleges that she "is a recipient of Federal Benefits" under SDSP, ECF No. 1 at 3, and that the Maryland Defendants "began . . . denying the petitioner her [SDSP] benefits" around October 2021, *id.* at 4. In any event, Ms. Shing contends that in October 2021, the Maryland Defendants "began illegally interfering [with] and denying" her SDSP benefits. ECF No. 1 at 4. Ms. Shing also states that at

some point, there was a one-week "Medicare hearing," ECF No. 1 at 13, but both the timing and nature of this hearing are unclear.[2]

Ms. Shing contends that as a result of Defendants' alleged interference, she cannot pay support staff and her health is "deteriorating" as a result. ECF No. 1 at 5-6. She states, for example, that she has no one to administer her medications and cannot attend necessary dental and medical appointments. *Id*. Ms. Shing also says she has been forced to drop out of classes at Howard Community College and cannot participate in community leadership opportunities or attend church services. ECF No. 1 at 7.

Ms. Shing seeks "reinstatement of the 168 hours" per week of SDSP services. *Id*. at 25. She also seeks retroactive pay for her staff (including retroactive wages, overtime, backpay, unpaid wages, mileage reimbursements and out-of-pocket expenses). *Id*. at 8. She also sought a stay of an Office of Administrative Hearings (OAH) hearing that was, at the time of the complaint's filing, about two weeks away. *Id*. at 2, 19 (alleging "an illegal hearing" scheduled for October 29, 2024" and seeking a stay of the hearing).

On October 17, 2024, Ms. Shing filed her complaint in this court. ECF No. 1. Defendants filed motions to dismiss. ECF No. 16 (Maryland Defendants' motion); ECF No. 47 (CMS motion). On April 4, 2025, Ms. Shing also filed an "Emergency Injunctive Request," alleging that Defendants "are illegally attempting to remove the plaintiff from the CMS Medicare Medicaid Self-Directed Services Program." ECF No. 22 at 1. It appears the Maryland Developmental Disabilities Administration "involuntar[ily]

---

[2] Based on Plaintiff's contentions about hearing transcripts, it appears that a hearing was held over five days in May, but it is unclear what year the hearing took place or if this is the same "Medicare hearing." *See* ECF No. 1 at 14–17 (identifying hearing transcripts from May 9, 10, 17, 20, 30).

3

terminat[ed]" her enrollment in SDSP. ECF No. 22-6 at 2 (letter dated April 2025 from Maryland Department of Health stating DDA is terminating her enrollment in SDSP and noting the reasons for the termination).

## II. DISCUSSION

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Mere "labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement" are insufficient to meet the Rule 8 pleading standard. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Ms. Shing is self-represented, so the Court must construe her complaint liberally, holding it to "less stringent standards than [those] drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading." *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (2020).

### B. The complaint does not state claims on which relief can be granted

#### i. Defendant CMS

CMS argues that Ms. Shing has not stated a claim against it because "there are no factual allegations concerning any action of inaction by CMS." ECF No. 47-1 at 3. The complaint alleges that MDH and DDA "would not exist without Federal Funding from [CMS]," ECF No. 1 at 5, but alleges no other involvement by CMS. This allegation alone is insufficient to state a claim against CMS for any of Plaintiff's claims. *See Twombly*, 550 U.S. at 570 (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). The Court therefore will grant CMS's motion to dismiss.

#### ii. Maryland Defendants

The Maryland Defendants argue that Ms. Shing "has not provided a short and plain statement of her claims," ECF No. 16 ¶ 1 (citing Fed. R. Civ. P. 8), and "has failed to state a claim for which relief may be granted." *Id.* ¶ 5. They also contend that they are not appropriate defendants for several of the claims. *See, e.g.*, *id.* at ¶¶ 2, 3 (asserting Eleventh Amendment immunity), *id.* at ¶ 4 (asserting "they are not proper defendants" under 42 U.S.C. § 1983).

In support of her complaint, Ms. Shing has filed 49 exhibits comprising nearly 1,100 pages. *See* ECF No. 1-1 through ECF No. 1-55. A court is permitted to consider exhibits in reviewing a motion to dismiss "when they are 'integral to and explicitly relied on in the complaint' and authenticity is not disputed." *Misjuns v. City of Lynchburg*, 139 F.4th 378, 384 (4th Cir. 2025) (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). But a plaintiff's filing of exhibits does not absolve the party of the requirement to make a "short and plain statement" of her claims, Fed. R.

5

Civ. P. 8(a)(2), supported by "simple, concise, and direct" allegations, Fed. R. Civ. P. 8(d)(1). *See also, e.g.*, *Samaritan Ministries Int'l v. Kane*, 736 F. Supp. 3d 1063, 1066 (D.N.M. 2024) (striking lengthy complaint with 68 exhibits comprising more than 1,500 pages because the volume "will encumber discovery and unduly burden the Defendant"). Here, the Court will primarily rely on the content of the complaint and will consider an exhibit only when it is explicitly relied upon and "integral" to the complaint.[3]

In addition, much of the complaint is supported only by conclusory allegations. For example, Ms. Shing alleges that defendants have caused "violations of [her] Civil Rights," ECF No. 1 at 2, are "guilty of gross misconduct, malfeasance, illegal retaliation, abuse of power [and] abuse of discretion," *id.* at 4-5, and, as to the Maryland Defendants, "illegally conspired to deprive the petitioner of her due [p]rocess rights," *id.* at 4. As noted above, under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief.). To the extent that these

---

[3] For example, Ms. Shing alleges, "It is proven in the attached Exhibits that [Maryland Defendants] have illegally conspired to deprive the petitioner of her Medicare Medicaid rights," ECF No. 1 at 4, but she does not point to which exhibits, and what specific content within them, support that allegation. Under circumstances like these, the Court will not consider the referenced exhibits as sufficiently "relied on" in the complaint.

conclusory allegations are not supported by well-pleaded factual allegations, which the Court will address below, the Court cannot rely on them.

Putting aside purely conclusory allegations and focusing on the complaint itself (rather than the attached exhibits), the Court considers the factual allegations within the complaint. Ms. Shing alleges the Maryland Defendants (1) "fail[ed] to respond to the petitioner's Claim for Assistance within 60 days," ECF No. 1 at 3, 5; (2) interfered with and denied her SDSP benefits in or around October 2021, *id.* at 4; (3) have violated federal Medicare Medicaid laws that she contends require continuation of her benefits pending an OAH hearing; (4) have caused "undue hardship to a Disabled Individual," which she contends is in violation of the Americans with Disabilities Act (ADA) and other statutes, *id.* at 5; (5) have blocked the submission of her "Retroactive Budgets and Person-Centered Plans," *id.* at 6, 7, 21; and (6) failed to provide clear and complete transcripts from past OAH hearings, *id.* at 10–17. For the reasons stated below, these factual allegations are insufficient to support any of the causes of action Ms. Shing has raised in her complaint.[4]

---

[4] Throughout the complaint, there are references to myriad statutes and regulations that Ms. Shing contends Defendants have violated. *See, e.g.*, ECF No. 1 at 4 (alleging that Defendants illegally conspired "in violation of Criminal Statutes 18 U.S.C. § 241 and 18 U.S.C. § 242); *id.* at 5 (alleging that Defendants "are guilty of maliciously breaking Federal Medicare Medicaid Laws including 42 CFR § 441.450, 42 CFR § 441.740 and 42 CFR § 441.476); *id.* at 2 (alleging violations of the Fair Labor Standards Act and the Lily Ledbetter Act). To the extent Plaintiff alleges Defendants have violated criminal laws, the Court will not consider those allegations in this civil case. To the extent Plaintiff has cited other statutes or regulations, the Court will consider whether the facts alleged in her complaint provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

As to Ms. Shing's allegation that the Maryland Defendants failed to respond to her Claim for Assistance within 60 days, *id.* at 3, the complaint does not contain basic facts about this claim, such as when and to whom she submitted the Claim for Assistance, or the significance of the Claim for Assistance. And upon review of the three regulations Plaintiff cites—42 C.F.R. §§ 431.200(a), 431.246, 431.250—those regulations do not contain a requirement for these agencies to respond within 60 days to an (unspecified) Claim for Assistance.

As to Ms. Shing's allegations that the Maryland Defendants interfered with and denied her SDSP benefits, ECF No. 1 at 4, her complaint fails to allege sufficient facts to state a claim for relief based on this alleged wrongdoing. Plaintiff relies only on the general statement that "[i]t is proven in the attached Exhibits" that the Maryland Defendants conspired to interfere with her rights, without identifying which exhibits or what content contained therein supports her claim. *Id.* Although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, *Twombly*, 550 U.S. at 555, there are no "simple, concise, and direct" allegations that support Ms. Shing's contention that the Maryland Defendants interfered with and denied her SDSP benefits. For example, Plaintiff does not allege how her benefits were changed (*e.g.*, whether her benefits were reduced or eliminated), when the change in benefits took place, or the Maryland Defendants' alleged involvement in the change. In addition to the insufficiency of the factual allegations, Plaintiff also does not clearly explain the legal basis for which a denial of benefits would constitute a civil claim. For those reasons, Plaintiff has failed to state claim upon which relief can be granted based on alleged interference with her SDSP benefits.

As to Ms. Shing's allegation that the Maryland Defendants have violated federal Medicare Medicaid laws "requiring [them] to continue the petitioner's Benefits pending the Md OAH hearing," ECF No. 1 at 3, Ms. Shing has not alleged sufficient facts showing she is entitled to relief. The Court has reviewed the five regulations Petitioner cites in support of her claim—42 C.F.R. §§ 431.230, 431.231, 441.450, 441.476, 441.740. There are some circumstances under which an agency is required to continue services until a decision is rendered at a hearing. For example, under 42 C.F.R. § 431.230(a), a Medicaid agency "may not terminate or reduce services until a decision is rendered after the hearing." But this requirement applies only in limited circumstances and certain exceptions apply. *See* 42 C.F.R. § 431.230 (requirement applies "[i]f the agency sends the 10-day or 5-day notice as required under [other regulations]" and if "the beneficiary requests a hearing before the date of action"); *id*. (exception if "[t]he agency promptly informs the beneficiary in writing that services are to be terminated or reduced pending the hearing decision"). Here, Plaintiff has not pled sufficient factual allegations to permit the inference that the circumstances in the regulations above apply.

Ms. Shing also alleges that the Maryland Defendants have caused her "undue hardship" in violation of the ADA, the Developmental Disabilities [Assistance] and Bill of Rights Act of 2000, and a regulation related to the SDSP program, 42 C.F.R. § 441.450. ECF No. 1 at 5. In the context of the ADA, "undue hardship" refers to "an action requiring significant disability or expense" in the context of "whether an accommodation would impose an undue hardship for a covered entity." 42 U.S.C. § 12111(10). The ADA does not protect disabled individuals themselves from undue hardship, at least not in the way Ms. Shing seems to allege in her complaint. Ms. Shing

9

therefore has failed to state a claim upon which relief can be granted based on any alleged "undue hardship."

As to the allegation that the Maryland Defendants have been "illegally blocking and interfering with" the submission of Ms. Shing's SDSP Budgets (retroactive and current) and Person-Centered Plans, *id.* at 6, 7, 21, Ms. Shing has not explained what specific actions Maryland Defendants have taken to block or interfere with the submission of her documentation, [5] or the legal basis for her contention that these actions are "illegal[]." *Id.* at 7.

As to the allegation that Maryland Defendants failed to provide clear transcripts from a past OAH hearing, Ms. Shing relies upon the Administrative Procedure Act (APA) and "45 Part 160 Subpart E." ECF No. 1 at 10. Plaintiff does not identify under which provision(s) of the APA she brings her claims, or articulate a cognizable theory of such violation. And to the extent Ms. Shing cites the swath of regulations contained in 45 C.F.R. Part 160 Subpart E, that subpart refers to "hearings conducted relating to the imposition of a civil money penalty by the Secretary under 42 U.S.C. 1320d-5." 45 C.F.R. § 160.500. But civil monetary penalties under 42 U.S.C. § 1320d-5 are remedies brought and enforced by state attorneys general, not private plaintiffs. 42 U.S.C. § 1320d-5(d). For these reasons, Plaintiff has failed to state a claim upon which relief can be granted for alleged issues with OAH hearing transcripts.

---

[5] The complaint cites to ECF No. 1-12, describing the exhibit as "illegal interference with the petitioner's [SDSP] Self-Directed Services Budgets and Person Centered Plans." ECF No. 1 at 19. Upon review of the exhibit—a short email chain with an MDH employee and several employees from a service coordination organization—the Court does not find any factual support for her contention that the Maryland Defendants have attempted to "block or interfere with" the submission of her documentation, and certainly not sufficient facts upon which she can state a claim. *See* ECF No. 1-12.

10

## C. Emergency Injunctive Request

In April 2022, Ms. Shing also filed an "Emergency Injunctive Request," ECF No. 22, along with various supporting exhibits, ECF Nos. 22-1 through 22-7. The Court will construe that as a motion for a preliminary injunction. The Maryland Defendants opposed the motion. ECF No. 29. Plaintiff then filed a "Motion for Leave to Amend the Motion to Strike the Defendant's Dismissal Motion," ECF No. 33. The Court will treat this as a reply brief in support of Plaintiff's motion for a preliminary injunction.

Ms. Shing seeks to "STAY and prevent the respondents / defendants from attempting to illegally exercise jurisdiction over Federal Laws and regulations during illegal hearings of which are scheduled in various months in 2025." ECF No. 22 at 2. Some of the content of the emergency injunctive request is already included in the original complaint. *Compare, e.g.*, ECF No. 1 at 1–2, *with* ECF No. 22 at 1–2. The most substantial addition to the emergency injunctive request is Plaintiff's contention that Defendants made an "illegal decision" on April 1, 2025. ECF No. 22 at 3 (citing ECF No. 22-6). The referenced exhibit is a letter indicating that DDA has "terminat[ed] [her] enrollment" in the SDSP. ECF No. 22-6 at 2. The letter states, "If you do not agree with DDA's decision, you, or an authorized representative on your behalf, have the right to appeal" and includes information about the appeal process. *Id.* at 3.

A preliminary injunction is an "extraordinary remedy." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, Plaintiff must establish four factors: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm absent relief; (3) that the balance of equities favors her; and (4) that an injunction is in the public interest. *Frazier v. Prince George's Cnty.*, 86 F.4th 537, 543 (4th Cir. 2023) (citing *Winter*, 555 U.S. at 20). Ms. Shing does not offer any

11

facts to show that she faces "irreparable harm absent relief." *Id.*[6] And because the letter terminating Ms. Shing's SDSP benefits indicates the applicable appeal process, ECF No. 22-6 at 3, Ms. Shing has not shown (or even claimed) that the "balance of the equities" favors an injunction, especially in light of the government's interest in resolving benefit terminations in a prescribed fashion. For these reasons, Ms. Shing has not met the standard for a preliminary injunction and her motion will be denied.

### D.   Other pending motions

There are several motions pending regarding the issuance of subpoenas. *See* ECF No. 35 (motion requesting issuance of a subpoena), ECF No. 52 (motion requesting issuance of a subpoena), ECF No. 54 (motion requesting issuance of subpoena by August 4, 2025), ECF No. 56 (motion requesting notification when the subpoenas become available). The Court previously ordered that discovery would not begin until the Maryland Defendants' motion to dismiss was resolved, and only if the Court denied the motions to dismiss and issued a scheduling order. *See* ECF No. 32 ¶ 3 (denying pending motions related to subpoenas). Because discovery will not proceed in light of this Court's order, these motions related to subpoenas will be denied.

Plaintiff filed a "Motion for the Court to Take Jurisdiction Over the Pending Illegal State Cases," ECF 13. The motion accuses the Maryland courts of refusing to obey the Supreme Court by staying certain cases. See ECF No. 13 at 2–3. The Court will deny the motion for lack of jurisdiction. *See Younger v. Harris*, 401 U.S. 37 (1971).

---

[6] Ms. Shing's original complaint alleges that she faces significant harms from the interference with and/or termination of her benefits. *See, e.g.*, ECF No. 1 at 5–6. But no such claims are included in her emergency injunctive request.

12

Ms. Shing filed a "Motion for Leave to Amend the Memorandum/Memoranda," ECF No. 36. In this motion, she does not indicate which filings she wishes to amend. The motion will therefore be denied.

Ms. Shing filed a motion, "Motion for Leave to Enter the [Maryland Office of Administrative Hearings] Transcripts." ECF No. 37. The content of that motion is nearly identical to language already included in the complaint. *Compare id*. at 1-2, *with* ECF No. 1 at 10-11. The Court will accept Plaintiff's allegation that the transcripts are "unreadable"; it is unnecessary for Plaintiff to file a document that she admits "cannot be read or deciphered by the Honorable Court" in support of that allegation. ECF No. 37 ¶ 2. The Motion for Leave to Enter the MD OAH Transcripts will therefore be denied.

Finally, Ms. Shing has filed a motion, "Motion for In-Person Settlement and Alternative Dispute Resolution Conferences and Proceedings Under the American with Disabilities Act and the Developmental Disabilities and Bill of Rights Act of 2000." ECF No. 46. In the motion, Ms. Shing requests that any alternative dispute resolution or settlement proceedings take place in person, rather than over the phone or through a video platform, based on her accessibility needs. *Id*. Because the Order below dismisses Ms. Shing's complaint, no alternative dispute resolution or settlement proceedings are necessary at this time. This motion will be denied.

### III.   CONCLUSION AND ORDER

For the reasons explained above, the Court hereby ORDERS as follows:

1. The Clerk is DIRECTED to substitute "Centers for Medicare and Medicaid Services" as Defendant in place of "Centers for Medicare Services."
2. CMS's motion to dismiss, ECF No. 47, is GRANTED.

3. Maryland Defendants' motion to dismiss, ECF No. 16, is GRANTED.

4. Plaintiff's emergency injunctive request, ECF No. 22, is DENIED.

5. Plaintiff's motions related to subpoenas, ECF Nos. 35, 52, 54, and 56, are DENIED.

6. Plaintiff's motion to file certain transcripts, ECF No. 37, is DENIED.

7. Plaintiff's motion for the Court to take jurisdiction over specified state cases, ECF No. 13, is DENIED.

8. Plaintiff's motion to strike Defendants' dismissal motion, ECF No. 33, is DENIED.

9. Plaintiff's motion for leave to amend, ECF No. 36, is DENIED.

10. Plaintiff's motion for in-person settlement or alternative dispute resolution proceedings, ECF No. 46, is DENIED.

11. Plaintiff's complaint, ECF No. 1, is DISMISSED. The dismissal is without prejudice, but only in the event Plaintiff comes forward with an amended complaint, and a motion for leave to amend, directly addressing the deficiencies described above. In the event Plaintiff wishes to file such a motion, it must be filed within 21 days of this Order; must be accompanied by a proposed amended complaint, along with a comparison version identifying the revisions she has made; and must also be accompanied by a memorandum explaining why she believes the proposed amended complaint cures the deficiencies identified in this Order. Defendants NEED NOT RESPOND to such motion until and unless ordered by the Court to do so (but are free to do so if they wish).

Date: August 26, 2025                              _____/s/_____
                                                   Adam B. Abelson
                                                   United States District Judge