**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DOREEN SHING,<br>*Plaintiff*,<br><br>v.<br><br>CENTERS FOR MEDICARE SERVICES, *et al.*,<br>*Defendants*. | Case No. 24-cv-3021-ABA |

**MEMORANDUM OPINION**

Plaintiff Doreen Shing has moved for leave to file an amended complaint in this civil rights action against the Centers for Medicare and Medicaid Services and numerous Maryland state entities. ECF No. 68. The Court previously granted Defendants' motions to dismiss Ms. Shing's original complaint. ECF No. 57; *see also Shing v. Centers for Medicare & Medicaid Servs.*, Case No. 24-cv-3021-ABA, 2025 WL 2457673 (D. Md. Aug. 26, 2025). In the order granting the motions to dismiss, the Court stated that the dismissal would be "without prejudice, but only in the event Plaintiff comes forward with an amended complaint, and a motion for leave to amend, directly addressing the deficiencies described above." *Shing,* 2025 WL 2457673, at *6. The Court further stated that "[i]n the event Plaintiff wishes to file such a motion, it must be filed within 21 days of this Order; must be accompanied by a proposed amended complaint, along with a comparison version identifying the revisions she has made; and must also be accompanied by a memorandum explaining why she believes the proposed amended complaint cures the deficiencies identified in this Order." *Id.* After receiving an extension, Ms. Shing timely filed the motion for leave to amend and proposed amended complaint. ECF No. 68. The same day she filed her motion for leave to amend, Ms.

Shing also filed a motion to postpone the court's ruling on the amended complaint pending the resolution of an alleged complaint by the Maryland Office of the Inspector General against one of Defendant Maryland Department of Health's employees, ECF No. 69, and a motion for a status hearing, ECF No. 70. The Court will deny Ms. Shing's motion to amend as well as her other pending motions and close this case.

Motions to amend are governed by Federal Rule of Civil Procedure 15. Parties can amend their complaint once as a matter of course 21 days after serving it or within 21 days of being served with an answer or motion to dismiss. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* 15(a)(2). Motions to amend should be granted liberally but may be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 116 (D. Md. 2020) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).

The Court has reviewed the proposed amended complaint Ms. Shing filed with her motion for leave to amend, ECF No. 68-2, and concludes that the proposed amendment would be futile. Though Ms. Shing has included additional factual allegations in her amended complaint, she still has not cured the legal flaws that the Court outlined in its prior opinion. For example, though Ms. Shing enumerates certain regulatory violations in her amended complaint more specifically than in the original complaint, the amended complaint merely recites the elements of the regulations themselves near-verbatim without identifying any factual basis for Defendants' alleged violations. *See, e.g.*, ECF No. 68-2 at 7–8 (alleging a violation of 42 C.F.R. § 441.476 by

listing the elements of that regulation and stating that Defendants have not complied with them). As the Court previously explained, "[a] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and alterations omitted). Other than these formulaic allegations of regulatory violations, the central focus of Ms. Shing's claims appears to still be a criminal statute, rather than a statute giving rise to civil liability and/or a private cause of action. *See, e.g.*, ECF No. 68-2 at 4 ("The petitioner now factually alleges that Ms. Renwick's 'I'll take it from here' email illegally PREVENTED Ms. Mack from submitting the petitioner's required SDSP Budgets and Person-Centered plans which allowed Ms. Renwick to unlawfully terminate the petitioner's SDSP benefits. On April 1, 2025 the respondent's representative in charge of SDS Programs for Howard County, Md; Ms. Renwick, illegally terminated the petitioner from the SDS program (EXHIBIT L). The legal basis for the petitioner's contentions that Ms. Renwick's actions were and are illegal are 18 U.S.C. [§§ 241 and 242]."). The Court previously held that it would not consider a private civil complaint based upon allegations related to 18 U.S.C. §§ 241 and 242, which are criminal statutes. *See Shing*, 2025 WL 2457673, at *3 n.4 ("To the extent Plaintiff alleges Defendants have violated criminal laws, the Court will not consider those allegations in this civil case.").

In summary, upon review of Ms. Shing's proposed amended complaint, she still has not alleged facts giving rise to a "short and plain" statement of a viable claim. Fed. R. Civ. P. 8(a)(2); *see also Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017) ("[A] district court 'is not obliged to ferret through a [c]omplaint, searching for viable claims.'") (quoting *Wynn–Bey v. Talley*, Case No. 12-cv-3121-RWT, 2012 WL

5986967, at *2 (D. Md. Nov. 28, 2012)). Accordingly, the Court will deny the motion for leave to amend as futile and dismiss the case with prejudice.

Regarding the motion to postpone a decision (ECF No. 69), Ms. Shing did not file any supplement related to the purported Inspector General complaint in the interim between the motion for leave to amend and the instant opinion, and the Court's decision regarding the legal sufficiency of the complaint would not be altered by the supplemental exhibit Ms. Shing discusses. The motion to postpone is accordingly denied. The Court will also deny Ms. Shing's motion for a status hearing (ECF No. 70) as moot.

Date: August 26, 2026

*/s/*
Adam B. Abelson
United States District Judge